**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.:**

**JEAN MOKLED,**
*individually and on behalf of all others similarly situated,*

Plaintiff,

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**v.**

**CMRE FINANCIAL SERVICES INC,**

Defendant.
_____________________________________/

**CLASS ACTION COMPLAINT**

Plaintiff Jean Mokled ("Plaintiff") brings this class action against CMRE Financial Services Inc ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE CLAIM**

1. This is a putative class action arising from Defendant's violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff also asserts an individual cause of action under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

2. Defendant places unsolicited telephone calls to consumers utilizing an artificial and/or prerecorded voice.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in intrusion into the peace and quiet in a realm that is private and personal

to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA and the FDCPA.

5. Supplemental jurisdiction exists for the FCCPA claims under to U.S.C. 28 U.S.C. §1367. The facts giving rise to Plaintiff's FDCPA claims also give rise to Plaintiff's FCCPA claims.

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in this District.

**PARTIES**

7. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Broward County, Florida.

8. Defendant is a California corporation with its headquarters located in Brea County, California.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTS**

10. On or about April 17, 2025, Defendant began attempting to collecting on the Consumer Debt by sending Plaintiff debt collection letter via text message (the "Debt Collection Text Message"). The alleged debt does not belong to Plaintiff. Plaintiff does not owe the Consumer Debt.

11. A screenshot depicting the Debt Collection Text Message is attached as "Exhibit A".

12. Between April 18, 2025, and May 7, 2025, and Defendant placed three (3) calls using prerecorded voice messages (the "Prerecorded Calls") to Plaintiff's cellular telephone number ending in 2888 (the "2888" Number"). During the calls, Defendant played prerecorded voice messages. The messages used by Defendant were recorded prior to them being utilized during the calls to Plaintiff, and a live person did not read a script during the call.

13. When Plaintiff listened to the prerecorded voice calls, they were easily able to determine that the calls were prerecorded.

14. Indeed, the above-mentioned calls received by Plaintiff utilized a recording of a generic-sounding voice.

15. At no point in time did Plaintiff provide Defendant with their consent to be contacted with prerecorded calls.

16. Plaintiff is the subscriber and sole user of the 2888 Number and is financially responsible for phone service to the 2888 Number.

17. The Prerecorded Calls were an attempt by Defendant to collect an alleged consumer debt (the "Alleged Consumer Debt") from Plaintiff.

18. The Alleged Consumer Debt is an obligation allegedly had by someone other than Plaintiff to pay money arising from a transaction between the creditor of the Alleged Consumer Debt and that person (the "Subject Service).

19. Upon information and belief, the Subject Service was allegedly primarily for personal, family, or household purposes.

20. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

21. Defendant is a business entity engaged in the business of collecting consumer debts.

22. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

23. Defendant "Consumer Collection Agency" license number is CCA0900245.

24. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

25. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

26. For example, Defendant does maintain and keep updated within seven (7) days the records required by, inter alia, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

27. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

28. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

29. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

30. Plaintiff does not owe the Consumer Debt.

31. Defendant's unsolicited prerecorded calls caused Plaintiff and the Class members harm, including intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

32. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

33. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons in the United States who, within four years prior to the filing of this action through the date of class certification, received a prerecorded voice call on their cellular telephone, from Defendant.**

34. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

35. Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

36. Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to at least 50 consumers throughout the United States without their consent. The members of the Class, therefore, are so numerous that joinder of all members is impracticable.

37. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

38. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a. Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones;

b. Whether Defendant can meet its burden of showing that it obtained prior consent to make such calls;

c. Whether Defendant's conduct was knowing and willful;

d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether Defendant should be enjoined from such conduct in the future.

39. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

40. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ADEQUACY**

41. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

42. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other members of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

43. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

44. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATIONS OF THE TCPA**
**(On Behalf of Plaintiff and the Class)**

45. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

47. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

48. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

49. Defendant did not have prior consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

50. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii) and 64.1200(a)(1)(iii) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class without their consent.

51. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

52. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. 47 U.S.C. § 227(b)(3). Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

**COUNT II**
**VIOLATION OF 15 U.S.C. § 169 e(2)(A) and § 1692e(10)**
**(On Behalf of Plaintiff individually)**

53. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

54. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e.

55. As set forth above, the Debt Collection Text Message sent by Defendant was an attempt to collect an alleged debt from Plaintiff that Plaintiff did not owe.

56. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant made a false representation of character, amount, or legal status of the Consumer Debt.

57. By attempting to collect on an alleged debt that was not owed by Plaintiff, Defendant used a false representation and/or deceptive means to collect the Consumer Debt.

58. Accordingly, Defendant violated 15 U.S.C. § 1692e by and through the prerecorded debt collection call it initiated to Plaintiff.

**COUNT III**
**VIOLATION OF FLA. STAT. § 559.72(9)**

59. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

60. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right doesnot exists."

61. As set forth above, the Collection Text Message sent by Defendant was an attempt to collect an alleged debt from Plaintiff that Plaintiff did not owe.

62. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant attempted to enforce a debt when it knew that the debt was not legitimate and/or knew that the right did not exist.

63. Accordingly, Defendant violated FLA. STAT. § 559.72(9) through the Collection Text Message.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of the Class and individually, respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff and Class members the following relief:

a. An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b. An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

d. An injunction requiring Defendant to cease its conduct in placing prerecorded calls in violation of the TCPA;

e. Statutory damages as provided by 15 U.S.C. §1692k;

f. An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FDCPA;

g. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k;

h. Statutory damages as provided under Fla. Stat. § 559.77(2);

i. An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

j. Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and

k. Any other relief that this Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: November 10, 2025

Respectfully Submitted,

/s/ Mitchell D. Hansen
**MITCHELL D. HANSEN, ESQ.**
Florida Bar No.: 1065929
E-mail: mitchell@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: Zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*